IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| James Dean, Jr. | ) | CASE NO. 1:13-CV-962 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| F.P. Allega Concrete Construction Corp., | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | MEMORANDUM OPINION AND ORDER |

This matter is before the Court on Plaintiff's motion for attorney fees and court costs and Defendant's cross-motion for attorney fees. ECF # 29; ECF # 31. After the trial in this action, the Court entered Judgment in accordance with the Jury's verdict in favor of Plaintiff. Under 29 U.S.C. § 216(b), Plaintiff, as the prevailing party, is entitled to reasonable costs associated with his action and Defendant is not entitled to any attorney fees. Therefore, the Court GRANTS Plaintiff's motion for attorney fees and court costs in the amount of $26,892.51 and DENIES Defendant's cross-motion.

**Factual Background**

On April 29th, 2013, Plaintiff, James Dean, brought suit against Defendant, Allega Concrete Construction Corporation, on four counts: (1) unpaid overtime in violation of the Fair Labor Standards Act (FLSA), (2) minimum wage violations, (3) promissory estoppel, and (4) *quantum meruit*. ECF # 1 ¶ 23-50. All four counts relate to alleged unpaid overtime Plaintiff worked for Defendant from May 1st, 2011 through December 8th, 2012. ECF # 22 ¶ 9-10. During

1

this time, Plaintiff claims to have worked 409 uncompensated overtime hours totaling $29,658.87 in lost wages. Id. at ¶ 11.

Specifically, Plaintiff believed that Defendant paid double-pay for time worked over forty hour weeks, but that Defendant misrepresented the hours worked and reduced them by half. ECF # 20 ¶ 1. Thus, while working overtime, Defendant paid Plaintiff the same amount as regular time. In addition, Plaintiff believed that Defendant did not fairly compensate him for loading and unloading trucks before and after projects. Id. at ¶ 2.

The case proceeded to a trial before a jury. At trial, the Court dismissed Plaintiff's minimum wage, promissory estoppel, and *quantum meruit* claims pursuant to Fed. R. Civ. P. 50. ECF # 26. The first count for failure to pay overtime compensation went to the Jury who returned a verdict in favor of Plaintiff in the amount of $58.50. ECF # 27. In accordance with 29 U.S.C. § 216(b), the Court awarded Plaintiff an additional $58.50 in liquidated damages. ECF # 29 ¶ 2.

Upon prevailing in his claim for unpaid overtime, Plaintiff's attorney filed a motion for attorney fees and court costs related to the litigation. *Id*. Plaintiff claims he is entitled to a total of $1,470.51 for costs associated with the action and $36,795.00 in attorney fees. *Id.*, at ¶ 1. Plaintiff arrives at the cost of litigation by adding the filing fee ($350.00), the cost of depositions and transcripts ($947.71), and costs to prepare for litigation, such as photocopying documents ($172.80). *Id.*, at ¶ 2. Plaintiff arrives at the attorney fees by multiplying the hours his counsel worked on the case (133.8) with his attorney's billing rate ($275.00). *Id.*, at ¶ 9-10.

## Analysis

Section 216(b) states, "the court in such actions shall, in addition to any judgment awarded to the plaintiff or the plaintiffs, allow a reasonable attorney's fee to be paid by the defendant and the costs of the action." Thus, an award of attorney fees under § 216(b) is mandatory, but the amount awarded is within the discretion of the district court. *United Slate Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 501 (6th Cir. 1984). While no "precise formula" exists to determine a reasonable attorney fee, the court should consider "the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).

1. <u>Lodestar Formula</u>

A court can determine a reasonable court-awarded fee via the lodestar method. The lodestar method is calculated by "multiplying the prevailing billing rates by the hours reasonably expended on successful claims." *Blanchard v. Bergeron*, 489 U.S. 87 (1989). Indeed, the lodestar method enjoys a "strong presumption" of reasonability. *Moore v. Freeman*, 355 F.3d 558, 565 (6th Cir. 2004).

However, the fee-shifting provisions of 29 U.S.C. § 216(b) do not guarantee that attorneys will be able to recover fees on the higher range charged in their region, nor does it ensure litigants that they will have free access to the highest paid lawyers in their region. The purpose of § 216(b) is to ensure that plaintiffs can find competent and experienced counsel for their claims.

In order to determine a reasonable billing fee, the Court relies on the Ohio Bar Association's report entitled "The Economics of Law Practice in Ohio: Desktop Reference for

3

2013" (hereinafter "Economics of Law"). The Ohio Bar association generated the report to "help in developing sound and equitable hiring and compensation policies" within Ohio. (Economics of Law, at 6). The Court finds that a rate based on the median fees charged by labor employment lawyers in the same geographic vicinity, adjusted for experience levels of the billing attorneys, should satisfy the goal of providing reasonable fees that would be accepted by a sufficient number of competent, experienced lawyers in the field, thereby ensuring Congress's goal of providing wronged employees with adequate representation.

The median hourly billing rate for all attorneys practicing labor law in Ohio was $240/hour. (Economics of Law, at 40). The number can be adjusted downward due to Plaintiff's attorney's level of experience. Plaintiff's attorney began practicing law in November, 2010 putting him in the range of three to five years' experience. ECF # 29 ¶ 11. The median billing rate for all attorneys in Ohio was $210 and only $175 for attorneys with three to five years' experience. (Economics of Law, at 39). Thus, the median billing rate attorneys with three to five years' experience is eighty-three percent the median rate of all attorneys in the state. Therefore, a reasonable price for a labor attorney with three to five years' experience would be eighty-three percent of $240/hour, or $200/hour.

Additionally, the rate should be further reduced to reflect the median rates for attorneys in the suburban Cleveland region, the location Plaintiff's attorney worked. The median billing rate for suburban Cleveland was $200/hour and for Ohio was $210/hour. *Id.* Thus, attorneys in suburban Cleveland billed at 95% the rate of a general Ohio attorney. Therefore, the proper billing rate for Plaintiff's attorney fees would be $190/hour when factoring in region, field, and experience.

It bears noting that Plaintiff's attorney might not have represented Plaintiff in this action for fees below $275/hour. However, § 216(b) seeks only to provide a wronged employee adequate legal representation. Here, Plaintiff's attorney's initial billing of $275/hour would put him well into the top 5 percent of attorneys with like experience. (Economics of Law, at 39). Based on the Court's analysis, $190/hour is sufficient to provide Plaintiff with competent, experienced counsel for his claim. Finally, it is worth repeating that $190/hour is still slightly higher than Ohio's median billing rate for attorneys with similar experience ($175/hour) and only slightly less than suburban Cleveland's median billing rate ($200/hour).

Additionally, the Court examined the Attorney's total billing hours and concludes that the 133.8 hours billed were neither excessive nor inefficient. Thus, the lodestar amount is $25,422.00. Plaintiff is also entitled to costs associated with the action in the amount of $1,470.51. Therefore, the total amount owed to Plaintiff is $26,892.51.

2. Defendant's Cross-motion for Attorney Fees

Defendant's cross-motion for attorney fees is DENIED. Plaintiff correctly states the law:

> Defendants further claim they are entitled to attorney fees. Under § 216(b), however, "the court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant and costs of the action." [29 § 216(b)] does not provide for plaintiffs to pay attorney fees to defendants...."

ECF # 33 ¶ 5 (citing *Fegley v. Higgins*, 19 F.3d 1226, 1235 (6th Cir. 1994)).

Therefore, under 29 § 216(b), the Court does not have the authority to grant Defendant any costs associated with its litigation.

## Conclusion

For these reasons, the Court finds that Plaintiff is entitled to attorney fees and costs under 29 U.S.C. § 216(b). Therefore, the Court GRANTS the Plaintiff's motion for costs and attorney fees (ECF # 29) in the amount of $26,892.51 and denies Defendant's cross-motion for attorney fees. ECF # 31.

IT IS SO ORDERED

_____
DONALD C. NUGENT
United States District Judge

DATED: July 16, 2014